UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

DANE CLAYTON,

Plaintiff,

v.

TAMMY HULL, et.al.,

Defendants.

---------------------------------------------------x

**MEMORANDUM AND ORDER**
1:25-CV-4490 (RPK) (MMH)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Dane Clayton is a United States Postal Service ("USPS") driver. According to plaintiff, vehicles often obstruct the driveways into post office loading docks on his route, creating a safety hazard. Plaintiff has complained about these conditions to various oversight bodies to no avail. Now he sues several federal officers in their official capacities, alleging they have neglected their duties to prosecute this conduct or to investigate his complaints. Anyone who has shared the road with dangerous drivers or parkers will understand plaintiff's frustrations. But federal courts are limited to hearing "[c]ases" and "[c]ontroversies"—lawsuits to redress injuries fairly traceable to the wrongs of defendant actors. Because plaintiff does not bring such a suit, defendants' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is granted.

**BACKGROUND**

The following facts are taken from the complaint and assumed true for purposes of this order.

Plaintiff delivers mail for USPS in Brooklyn and Queens. Compl. 14. Vehicles belonging to USPS, USPS employees, and members of the public sometimes block the driveways to the post

offices on his route, impeding plaintiff's mail delivery. *Id.* at 5–6, 13. He describes these blockages as "hazard[s]" that can cause "preventable accident[s]," and worries that if he "hit[s] or damage[s] a parked vehicle," he could "lose [his] driving privileges" or his job and be required to pay for the damage. *Id.* at 14. Because of this issue, plaintiff has lodged numerous administrative complaints and reached out to congressional representatives, without success. *Id.* at 17; *see also* Pl.'s Reply Br. in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") 7 (Dkt. #14) (noting that he has "complained to USPS OIG over twenty times" and "received three voicemails from them," and that he has "complained to Congress over twenty times" but was "ignored").

He turns now to this Court, bringing suit against four federal officers in their official capacities: the USPS Inspector General; the general counsel of the Council of the Inspectors General on Integrity and Efficiency ("CIGIE"); the United States Attorney General; and the United States Attorney for the Eastern District of New York. He mentions myriad statutory and constitutional provisions, but the gravamen of the complaint appears focused on three claims: (1) that USPS OIG violated a mandate under 18 U.S.C. § 1701 to "fine" or "imprison" individuals who obstruct the mail (Count 1), (2) that USPS OIG violated a mandate under 5 U.S.C. § 407 to "receiv[e] and investigat[e] complaints by employees concerning" misconduct (Count 2), and, (3) that CIGIE violated a mandate under 5 U.S.C. § 424(d)(1) to receive and review all "allegation[s] of wrongdoing against an Inspector General" (Count 3). *See* Compl. 3. He asks the court to "compel" the USPS and CIGIE "to not abandon their mandate[s]" under these statutes. Compl. 4–5. Specifically, he asks the court to "compel" USPS "to establish a tow truck program" at postal stations along his route and "to establish" street signage "to prevent [the driveway] from being blocked for passage of the mail." *Id.* at 5–6.

Defendants move to dismiss, arguing, among other things, that the court lacks subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Ibid.* In assessing whether a claim should be dismissed for lack of subject-matter jurisdiction under this rule, a court "must take all uncontroverted facts in the complaint . . . as true[ ] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

## DISCUSSION

Defendants' motion to dismiss is granted. Plaintiff lacks standing to pursue his claims against all defendants. The court therefore dismisses the complaint without prejudice.

The federal judicial power is limited to the adjudication of "Cases" and "Controversies." U.S. Const. art. III, § 2. "'Under Article III, a case or controversy can exist only if a plaintiff has standing to sue,' meaning a personal stake in the outcome of the litigation." *Soule v. Conn. Ass'n of Schs., Inc.*, 90 F.4th 34, 45 (2d Cir. 2023) (en banc) (quoting *United States v. Texas*, 599 U.S. 670, 675 (2023)). Plaintiff "must demonstrate standing for each claim that [he] press[es] against each defendant." *Murthy v. Missouri*, 603 U.S. 43, 61 (2024) (internal quotation marks and citation omitted). To establish standing for forward-looking relief, plaintiff "must establish" (1) "a

substantial risk of future injury" (2) "that is traceable to the Government defendants" and (3) "likely to be redressed" by a favorable ruling. *Id.* at 69.

At the outset, plaintiff does not have standing to assert Count 1 against any defendant. Count 1 seeks to compel defendants to enforce 18 U.S.C. § 1701, a criminal statute. But it is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, plaintiff lacks standing to bring this claim against any defendant.

As to plaintiff's remaining counts, assuming *arguendo* that plaintiff has adequately pleaded a substantial risk of future injury, traceability and redressability doom these claims. First, plaintiff lacks standing to assert Counts 2 and 3 against the Attorney General or United States Attorney for the Eastern District of New York. He asserts no wrongdoing by these defendants. *See* Compl. 3–4. Rather, he only names these two defendants because he is under the impression that they must be named, not merely served, "when the United States is a defendant." *See* Pl.'s Opp'n 7. Second, for substantially the same reasons, he lacks standing to assert Count 2 against CIGIE and Count 3 against USPS OIG. For those claims, he has not presented wrongdoing by *that* defendant to which future injury might be traced.

That leaves only whether plaintiff has alleged standing to assert Count 2 against USPS OIG and Count 3 against CIGIE. He has not. Plaintiff's claims of wrongdoing by USPS in Count 2 are too speculative to support traceability or redressability. *See Branton v. FCC*, 993 F.2d 906, 910 (D.C. Cir. 1993) (though "[c]ausation and redressability are separate requirements," they "tend to merge"). His theory, generously interpreted, appears to be that USPS OIG's mishandling of employee-misconduct complaints results in USPS employees obstructing post office driveways with impunity. More strenuous investigation, he suggests, would discourage USPS employees

from blocking post office driveways with their personal or government vehicles, and so reduce the chance of preventable accidents. But even if this Court could order a neglectful USPS OIG to investigate more complaints more fully, the causal chain snaps at too many points to support either traceability or redressability. First, the complaints themselves must be sufficient to establish the "possible existence" of misconduct. 5 U.S.C. § 407(a). Then, USPS OIG must determine that the misconduct warrants a response. Finally, the employee must determine that response is sufficient to deter him from blocking the driveway in the future. But it is just as plausible that the USPS OIG would find the complaints unmeritorious, or that it would only issue limited penalties that do not change employees' parking habits. Indeed, any favorable impact depends on the actions of third parties before the court: those who submit complaints, and those who face investigation. *See Branton*, 993 F.2d at 910–11 ("The Supreme Court is particularly disinclined to find that the causation and redressability requirements are satisfied where a complainant challenges only an Executive Branch decision not to impose costs or penalties upon some third party."); *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 229 (2d Cir. 2012) (favorable action by the agency must be likely to result in favorable action by the regulated party); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42 (1976) (a federal court may not act to redress injury "that results from the independent action of some third party not before the court").

The causal theory in Count 3 is even more attenuated. Plaintiff seeks to require the CIGIE to investigate USPS Inspector General one link upstream of the chain in Count 2—and then relies on the same possible downstream effects on dangerous parkers as his preceding claim. As a result, plaintiff also cannot satisfy traceability or redressability for his claim against CIGIE.

## CONCLUSION

Defendants' motion to dismiss is granted and the complaint is dismissed without prejudice for lack of subject-matter jurisdiction. When a plaintiff is *pro se*, a district court typically "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, because the barriers to relief identified above "cannot be surmounted by reframing the complaint," *Ashmore v. Prus*, 510 Fed. App'x 47, 49 (2d Cir. 2013), leave to amend is denied as futile. Accordingly, the Clerk of Court is respectfully directed to close this case.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies in forma pauperis status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 10, 2026
Brooklyn, New York